**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Jeffery Jessup,<br><br>   Defendant. | No. CR-23-00223-001-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion to dismiss the indictment filed by Defendant Jeffrey Jessup ("Defendant"). (Doc. 40.) The motion is fully briefed (Docs. 45, 48) and the Court concludes that oral argument is unnecessary. *See* LRCiv 7.2(f); LRCrim 12.1(a), 47.1. For the reasons that follow, the motion is denied.

## RELEVANT BACKGROUND

On February 9, 2023, Defendant charged via complaint with the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) As relevant here, the complaint alleges that Defendant was arrested on February 8, 2023 on suspicion that he had just committed a carjacking; that, during the arrest sequence, law enforcement officials found one firearm tucked into Defendant's waistband; that law enforcement officials also found three additional firearms inside a bag that Defendant had been seen carrying before his arrest; and that Defendant admitted during a post-arrest interview "to possessing all four firearms. He claimed he purchased the firearms a week prior from an unknown 'junkie.' He had purchased the firearms for some cash and pills."

(*Id.* ¶¶ 8-10, 24-28.)  The complaint also alleges that Defendant has three prior felony convictions: (1) a 2020 conviction in Arizona state court for the crime of Misconduct Involving Weapons, which resulted in a 2.5-year sentence; (2) a 2016 conviction in Georgia state court for the crime of Possession of Cocaine, which resulted in a sentence of three years' probation with an initial three months in confinement; and (3) a 2016 conviction in Georgia state court for the crime of Burglary in the First Degree, which resulted in a sentence of three years' probation with an initial three months in confinement. (*Id.* ¶ 33.)

On February 21, 2023, the grand jury returned an indictment charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 9.)

On June 19, 2024, Defendant filed the pending motion to dismiss.  (Doc. 40.)

On July 17, 2024, the government filed a response.  (Doc. 45.)

On August 2, 2024, Defendant filed a reply.  (Doc. 48.)

**DISCUSSION**

I.     The Parties' Arguments

Defendant moves to dismiss the indictment on the ground that "the sole count . . .violates the Second Amendment of the United States Constitution." (Doc. 40 at 1.)  The primary authority on which Defendant relies is *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), which was issued on May 9, 2024.  Defendant contends that, under *Duarte*, § 922(g)(1) is presumptively unconstitutional and thus "it is incumbent upon the government to rebut the 'strong presumption' that the text of the Second Amendment confers to the defendant the right to bear arms by demonstrating that § 922(g)(1)'s lifelong, no-exception, categorical ban is consistent with this Nation's historical tradition of firearm regulation." (Doc. 40 at 4.)  Defendant concludes: "Because the government here cannot, this court must find that under the present circumstances, [§] 922(g)(1) violates Mr. Jessup's Second Amendment right, is unconstitutional, and order the dismissal of the Indictment." (*Id.* at 5, emphasis omitted.)

In response, the government notes that *Duarte* is no longer good law because "[o]n July 17, 2024, the Ninth Circuit granted the United States' petition for rehearing en banc, and therefore vacated the three-judge opinion [on] which Defendant's motion is based." (Doc. 45 at 1.)  The government further argues that "[s]ection 922(g)(1) remains constitutional in all of its applications.  The government maintains that the Supreme Court's decision in *New York Pistol & Rifle Ass'n v. Bruen*, 597 U.S. 1 (2022), did not abrogate or implicitly overrule the Ninth Circuit's decision in *United States v. Vongxay*, 595 F.3d 1111 (9th Cir. 2010), upholding § 922(g)(1), or otherwise call into question the statute's validity.  *Vongxay* is not clearly irreconcilable with *Bruen*." (*Id.* at 3.) Alternatively, the government argues that "[e]ven under *Duarte*, § 922(g)(1) is constitutional as applied" because "the *Duarte* panel did not hold § 922(g)(1) to be facially unconstitutional as to every felon" and included a "parenthetical" noting that § 922(g)(1) could be constitutionally applied to a defendant, like Defendant, with a prior burglary conviction.  (*Id.* at 4-5.)

In reply, Defendant accuses the government of inconsistency for contending that the three-judge panel's decision in *Duarte* is no longer citable in light of the grant of rehearing *en banc* but then citing portions of *Duarte* in an attempt to show that § 922(g)(1) may be constitutionally applied to a defendant with a prior burglary conviction.  (Doc. 48 at 1-2.) Next, Defendant "maintains that *Vongxay*'s reasoning is irreconcilable with *Bruen*." (*Id.* at 2.)  Finally, Defendant disputes that, under *Duarte*, "anyone with a previous felony burglary conviction is categorically subject to the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1)." (*Id.* at 3.)  According to Defendant, "[t]he quotation contained in the . . . parenthetical pertained to the Ninth Circuit's previous analogous finding on an unrelated issue, enhancing sentences, not an analysis or comparison of burglary to a Founding-era felony." (*Id.* at 4, emphasis omitted.)

…

…

…

II.     Analysis

The Court agrees with the government that, under Ninth Circuit law as it stands today, the Second Amendment does not preclude the application of 18 U.S.C § 922(g)(1) to any defendant with a prior felony conviction, regardless of the nature of that conviction. In its 2010 decision in *Vongxay*, the Ninth Circuit squarely held that "§ 922(g)(1) does not violate the Second Amendment as it applies to . . . a convicted felon." *Vongxay*, 594 F.3d at 1118. Other three-judge panels of the Ninth Circuit have subsequently reaffirmed the validity of this holding, albeit while questioning whether *Vongxay* was correctly decided. *United States v. Phillips*, 827 F.3d 1171, 1174 (9th Cir. 2016) ("[W]e held in [*Vongxay*] that 'felons are categorically different from the individuals who have a fundamental right to bear arms,' and we accordingly upheld 18 U.S.C. § 922(g)(1) against a Second Amendment challenge. Our decision in *Vongxay* forecloses Phillips's argument, and we accordingly affirm the district court's denial of Phillips's motion to dismiss the indictment. Nevertheless, there are good reasons to be skeptical of the constitutional correctness of categorical, lifetime bans on firearm possession by all 'felons.'") (citations and emphasis omitted). Although the *en banc* panel in *Duarte* may, in the coming months, decide to reconsider *Vongxay*, this Court is duty-bound to follow *Vongxay* unless and until it is overruled. *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit.").

The only exception would be if a post-*Vongxay* decision by the Ninth Circuit or Supreme Court "undercut the theory or reasoning underlying [*Vongxay*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Although Defendant contends that *Bruen* is such a decision (and the now-vacated three-judge panel decision in *Duarte* agreed), it is notable that *Bruen* did not purport to overrule the Supreme Court's earlier statement that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008). To the contrary, the *Bruen* majority stated that its new test was "[i]n keeping with *Heller*." *Bruen*, 597 U.S. at 17. Additionally, six

Justices in *Bruen*—including three members of the majority—stated in separate writings that *Heller*'s statements about longstanding gun prohibitions remain valid. *Id.* at 72 ("Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.") (Alito, J., concurring); *id.* at 80-81 ("As Justice Scalia wrote in his opinion for the Court in *Heller*, . . . '[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . .'") (Kavanaugh, J., joined by Roberts, C.J., concurring); *id.* at 129 ("Like Justice KAVANAUGH, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding.") (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting). Given this backdrop, it is difficult to see how *Bruen* could be construed as satisfying *Miller*'s exacting standard for finding that a Ninth Circuit decision has been implicitly overruled.

Furthermore, the Court does not write on a blank slate when evaluating whether *Bruen* implicitly overruled *Vongxay*. Earlier this year, the Ninth Circuit issued a published opinion concluding that *Bruen* does not preclude the pretrial disarmament of a defendant who has simply been charged with a serious felony. *United States v. Perez-Garcia*, 96 F.4th 1166 (9th Cir. 2024). In reaching that conclusion, the *Perez-Garcia* panel emphasized that "the Supreme Court has maintained that the Second Amendment 'presumptively' allows Congress to disarm persons convicted of felony offenses." *Id.* at 1186 (citing *Heller*, 554 U.S. at 626 & n.26). Because *Vongxay* relied on this same portion of *Heller*, the Court construes this passage as a strong indication that, even post-*Bruen*, the Ninth Circuit considers *Vongxay* good law. In a related vein, the Ninth Circuit issued an unpublished decision earlier this year in which it expressly rejected the argument that *Bruen* implicitly overruled *Heller*. *United States v. Whitney*, 2024 WL 1429461, *2 (9th Cir. 2024) ("The felon-in-possession statute, 18 U.S.C. § 922(g)(1), is facially constitutional. Nothing in the Supreme Court's decision in [*Bruen*] reflects a retreat from the Court's earlier statement in [*Heller*] that longstanding prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful.") (cleaned up). Thus,

although perhaps the *en banc* panel in *Duarte* will chart a new course in the coming months, "Defendant's argument is foreclosed by [current Ninth Circuit] precedent. The Ninth Circuit's cases make clear that § 922(g)(1) can be constitutionally applied to *any* felon . . . ." *United States v. Coleman*, 2024 WL 3890710, *2 (D. Ariz. 2024).[1]

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the indictment (Doc. 40) is **denied**.

Dated this 6th day of September, 2024.

Dominic W. Lanza
United States District Judge

---

[1] Given these conclusions, it is unnecessary to resolve the government's alternative argument that the particular nature of one of Defendant's prior felony convictions (*i.e.*, his 2016 burglary conviction) forecloses his Second Amendment challenge.